UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FERNANDO MEJIA BANEGAS, Booking #201237255,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>MICHAEL MANSFIELD, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 20cv2142-LAB (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Juan Fernando Mejia Banegas, an Immigrations and Customs Enforcement detainee incarcerated at the Elroy Detention Center and proceeding pro se, has filed a civil right complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Because Plaintiff is in federal custody alleging constitutional violations by federal officers the Court will construe his Complaint as an action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges two Border Patrol Officers used excessive force and were deliberately indifferent to his medical needs during his apprehension. (*Id.* at 2-9.) Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a) and has not filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing fee or submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire civil filing fee in full; or (b) complete and file a Motion to Proceed *IFP*. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[1] If Plaintiff fails to either prepay the civil filing fee or fully complete and

---

[1] Plaintiff is cautioned that if he chooses to proceed further by submitting a properly supported Motion to Proceed *IFP*, his Complaint will be screened before service and may

submit the enclosed Motion to Proceed *IFP* within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: March 31, 2021

Hon. Larry A. Burns
United States District Judge

---

be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune).